# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

December 14, 2020

VIA ECF
Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Re:   **United States v. Tyrus Mazyck**
      **S1 15 Cr. 233 (PGG)**

Dear Judge Gardephe,

We write to respectfully renew Tyrus Mazyck's application for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) because of an explosion of COVID-19 cases at FCI Loretto, where Mr. Mazyck is currently imprisoned, and his own recent contraction of the coronavirus.[1]  Although Mr. Mazyck's appeal from the Court's denial of his initial application

---

[1] The Second Circuit recently explained that a renewed compassionate-release motion in the district court is an appropriate vehicle to bring to the district court's attention changed circumstances that have arisen since the court's initial denial of the motion. See United States v. Patrick Roney, 2d Cir. No. 20-1834 (summary order of Nov. 2, 2020) ("[W]e believe that in most cases, given the unpredictable course of the COVID-19 pandemic, and the relevance of a prisoner's changing health circumstances to applications of this kind, it will be better to avoid having cases yo-yo between the district court and the Court of Appeals. Accordingly, we conclude that the better course is simply to affirm, recognizing that the denial of a motion of this kind generally will not preclude a renewed application based on changed circumstances.").

remains pending, therefore depriving this Court of jurisdiction to formally rule on any motion to reconsider, Mr. Mazyck intends to withdraw that appeal as soon as possible and respectfully seeks an indicative ruling from the Court under Fed. R. Crim. P. 37(a) granting his application in the meantime.  The surge of COVID-19 cases at FCI Loretto and Mr. Mazyck's own COVID-19 diagnosis present a dramatic change in circumstances that compel a second look at Mr. Mazyck's application and ultimately tip the scales in favor of his release to home confinement for the remainder of his sentence.  In considering Mr. Mazyck's request for an indicative ruling, the Court should hold an evidentiary hearing and compel the government to provide an update on Mr. Mazyck's medical records, prognosis, and his access to adequate healthcare and treatment.

## I.   The Court's reconsideration of Mr. Mazyck's motion for compassionate release is warranted by the recent and unmitigated spread of COVID-19 at FCI Loretto.

On August 23, 2020, Mr. Mazyck sought compassionate release (to home confinement) from the 120-month sentence imposed by the Court on July 26, 2016 on the ground that his physical vulnerabilities to COVID-19, which is especially virulent in the prison environment, justified a reduction in his term of imprisonment under 18 U.S.C. § 3582(c)(1)(A)(i).  See Dkt. No. 284.  On August 31, 2020, the government responded and opposed Mr. Mazyck's motion on the merits, contending that a reduction in his sentence would not comport with the statutory sentencing factors the Court must consider under 18 U.S.C. § 3553(a).  See Dkt. No. 286.  Mr. Mazyck filed a reply to the government's response on September 7, 2020, and on September 12, 2020, the Court denied Mr. Mazyck's application.  See Dkt. No. 288.  In doing so, the Court expressly noted:

> Acknowledging that Mazyck's medical conditions make him vulnerable to the COVID-19 virus, Mazyck has not demonstrated that there is uncontrolled infection at FCI Loretto.  Indeed, given that there are no active cases at this

2

facility in the inmate population, he does not appear to be at inordinate risk of contracting the virus.

Dkt. No. 288 at 11.  Mr. Mazyck has appealed that denial to the Second Circuit.  2d Cir. No. 20-3217.

Since the Court's decision, however, COVID-19 has spread like wildfire at FCI Loretto.   According to the numbers released by BOP on December 11, 2020, 609 prisoners at the facility have tested positive for COVID-19.  See BOP COVID-19 Update, available at: https://www.bop.gov/coronavirus/.  With a total prisoner population of 811 at the FCI,[2] this means that nearly three out of every four of Loretto's prisoners have contracted the novel coronavirus.  Unfortunately, as undersigned counsel recently learned late last week, this statistic includes Mr. Mazyck.  At this juncture, however, counsel have no additional insight into Mr. Mazyck's prognosis or access to adequate treatment and healthcare.  Accordingly, and in exercising its authority to issue an indicative ruling under Rule 37(a) while Mr. Mazyck's appeal remains pending (see infra), the Court should order the government to produce updated institutional medical records for Mr. Mazyck and hold a hearing to inquire into the adequacy of FCI Loretto's efforts to protect its vulnerable prisoner population, and Mr. Mazyck more specifically, from suffering death or serious injury as a result of COVID-19.

## II.    The Court has jurisdiction to issue an indicative ruling on Mr. Mazyck's renewed motion for compassionate release.

This Court has the authority to entertain this motion while this case is on appeal in the Second Circuit.  Federal Rule of Appellate Procedure 4(b)(3) deprives a district court of jurisdiction once an appeal has been filed, and therefore a district court cannot grant a motion without a remand.  However, Fed. R. Crim. P. 37(a) addresses this very situation and

---

[2] See https://www.bop.gov/locations/institutions/lor/.

allows a district court to consider the motion and either deny it, defer consideration, state that it would grant the motion if the court of appeals remands for that purpose, or state that the motion raises a substantial issue. See United States v. Cronic, 466 U.S. 648, 667 n.42 (1984); United States v. Cardoza, 790 F.3d 247, 248 (1st Cir. 2015) (remanding for decision on section 3582(c) motion and "treat[ing] the District Court's April 29, 2015 order as if it were an indicative ruling under [Fed. R. App. P.] 12.1" so that district court could enter an order modifying the defendant's sentence as it had indicated it believed was warranted).

Here, Mr. Mazyck's renewed motion for compassionate release raises a substantial issue within the meaning of Rule 37(a). Since the Court initially determined that Mr. Mazyck "does not appear to be at inordinate risk of contracting the virus" due to an absence of any positive cases at FCI Loretto, (Dkt. No. 288 at 11), there has been an [. . .] 19 infections at the facility. Under these circu[. . .] the Court to reevaluate Mr. Mazyck's suitabili[. . .] under § 3582(c)(1)(A)(i) and issue an indicativ[. . .] evidentiary hearing concerning FCI Loretto's [. . .] outbreak and to Mr. Mazyck's pressing health [. . .]

SO ORDERED.

*[signature]*

_____

Paul G. Gardephe
United States District Judge

January 25, 2021

**Memo Endorsement:** On September 12, 2020, this Court denied Defendant Tyrus Mazyck's request for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), finding that Mazyck had failed to meet his burden to demonstrate that his release would not present a danger to the community. (Sept. 12, 2020 Order (Dkt. No. 288) at 11) Mazyck appealed the Court's decision. (Dkt. No. 289) On December 14, 2020, Mazyck renewed his request for compassionate release, reporting that he has contracted the COVID-19 virus in the midst of a significant outbreak at FCI Loretto, where he is incarcerated. (Dec. 14, 2020 Def. Ltr. (Dkt. No. 290) at 1) The Government opposes the application. (Govt. Ltr. (Dkt. No. 292)) On January 6, 2021, Mazyck withdrew the appeal he had filed with the Second Circuit. (Dkt. No. 296) This Court "has broad discretion in evaluating a defendant's motion for compassionate release," United States v. Vargas, No. 88-CR-325 (VEC), 2020 WL 6886646, at *3 (S.D.N.Y. Nov. 24, 2020), and may "consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before [it]" when seeking a sentence reduction. United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020). In renewing his application for compassionate release, Mazyck notes that – in denying his earlier application – this Court had found that Mazyck "'does not appear to be at inordinate risk of contracting the virus' due to an absence of any positive cases at FCI Loretto." Having since contracted the virus in the midst of a significant outbreak at FCI Loretto, Mazyck contends that his renewed application for release must be granted. (Dec. 14, 2020 Def. Ltr. (Dkt. No. 290) at 4) In opposing Mazyck's renewed application for compassionate release, the Government has submitted more than 500 pages of Bureau of Prisons and Pennsylvania Department of Health medical records concerning Mazyck. While those records indicate that – on December 9, 2020 – Mazyck was found to be infected with the COVID-19 virus, they also demonstrate that he has not been in any acute distress since receiving this diagnosis. Indeed, his temperature has been within the normal range and his oxygen levels have likewise been within normal limits. (Govt. Ltr., Ex. A (Dkt. No 292) BOP Screenings Dec. 10, 2020; Dec. 11, 2020; Dec. 14, 2020; Dec. 15, 2020; Dec. 16, 2020; Dec. 17, 2020; Dec. 18, 2020; Dec. 19, 2020) Mazyck does not dispute that his COVID-19 infection has, to date, not had serious health consequences. Instead, Mazyck argues that FCI Loretto is not "capable of providing [him] with adequate medical care, including with screenings specifically designed to identify potentially lethal long-term effects of COVID-19." (Dec. 28, 2020 Def. Ltr. (Dkt. No. 295) at 5) But there is no evidence either that the medical care Mazyck has received is inadequate, or that he is suffering serious symptoms or complications as a result of contracting COVID-19. Where, as here, an inmate has contracted the COVID-19 virus but has not suffered serious health consequences, courts in this Circuit have denied compassionate release. See, e.g., United States v. Hardy, No. 11-CR-629-5 (CS), 2020 WL 7711676, at *2 (S.D.N.Y. Dec. 29, 2020) ("Now that [defendant, an inmate at FCI Loretto,] has contracted and seemingly weathered the disease, a sentence reduction based on the risk of contracting it no longer makes sense."); United States v. Ranieri, No. 02-CR-6126L, 2021 WL 210346, at *1 (W.D.N.Y. Jan. 21, 2021) (denying reapplication for compassionate release for inmate at FCI Loretto who contracted COVID-19). Finally, separate and apart from Mazyck's medical condition, "he has not met his burden of demonstrating that his release would not present a danger to the community." (Sept. 12, 2020 Order (Dkt. No. 288) at 11) In the September 12, 2020 order denying Mazyck's previous compassionate release application, this Court noted that, "[f]or nearly ten years, Mazyck distributed large quantities of crack cocaine and heroin in the Fordham section of the Bronx. Arrests, convictions, periods of incarceration, and parole were not sufficient to deter him from returning to drug trafficking. Given Mazyck's record, this Court cannot find that the four and half years Mazyck has served are sufficient to deter him from returning to drug trafficking." (Id.) That Mazyck has now served nearly five years does not alter this conclusion. Mazyck's renewed application for compassionate release is denied.